IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
KRISTY L. YAZVEC,              )
                               )
               Plaintiff,      )
                               )
     v.                        )  Civil Action No. 06-942
                               )
MICHAEL J. ASTRUE,             )
COMMISSIONER OF                )
SOCIAL SECURITY,               )
                               )
               Defendant.      )
```

O P I N I O N

DIAMOND, D.J.

Pursuant to 42 U.S.C. §§405(g) and 1383(c)(3), plaintiff seeks judicial review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act ("Act").  42 U.S.C. §§401-433, 1381-1383f. Presently before the court are cross-motions for summary judgment. For the reasons set forth below, plaintiff's motion will be granted, the Commissioner's motion will be denied and this case will be remanded to the ALJ for further proceedings consistent with this opinion.

Procedural History

Plaintiff filed her applications for DIB and SSI on October 13, 2004, alleging disability beginning May 31, 2003, due to left ulnar nerve entrapment, asthma, supraventricular tachycardia and

reflex sympathetic dystrophy.[1]  Plaintiff's applications were denied.  At plaintiff's request, an ALJ held a hearing on December 8, 2005, at which plaintiff appeared represented by counsel.  On March 24, 2006, the ALJ issued a decision finding that plaintiff is not disabled.  The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  The instant action followed.

### Standard of Review

As the factfinder, an ALJ has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999).  Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001).  Despite the deference to administrative decisions required by this standard, a reviewing court "retain[s] a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981)).  These well-established principles dictate that this court

---

[1] For purposes of plaintiff's DIB claim, she had acquired sufficient quarters of coverage to remain insured through March 31, 2004.

- 2 -

remand this case to the ALJ for further development at step 2 of the sequential evaluation process as explained herein.

## Statement of Material Facts

Plaintiff was 26 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has a high school education. Plaintiff has past relevant work experience as a massage therapist and a child care worker, but she has not engaged in substantial gainful activity at any time since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairment of left ulnar nerve entrapment, that impairment did not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform the exertional demands of medium work with a number of non-exertional limitations. Plaintiff must avoid crawling and climbing ladders, ropes and scaffolds or working with prolonged exposure to temperature extremes and extreme wetness and humidity. In addition, plaintiff is limited to occasional pushing

and pulling with her upper left extremity to include the use of hand levers unless such work requires the exertion of less than five pounds of force. Finally, plaintiff is precluded from work that involves exposure to unprotected heights (collectively, the "RFC Finding"). Taking into account plaintiff's vocational factors and the RFC Finding, the ALJ determined that she could perform her past relevant work as a child care worker, as well as 2,270 other light and sedentary jobs available in the local area. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

## Analysis

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598, 416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R.

AO 72
(Rev. 8/82)

§§404.1520(a)(4), 416.920(a)(4). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at step 2 of the sequential evaluation process. Plaintiff claims that the ALJ erred in concluding that her reflex sympathetic dystrophy ("RSD"), asthma and supraventricular tachycardia are not severe impairments. Plaintiff's argument concerning the ALJ's step 2 finding has merit only with respect to RSD.[2]

---

[2] RSD is a chronic pain syndrome that most often results from trauma to a single extremity. A diagnosis of RSD requires the presence of complaints of persistent, intense pain that results in impaired mobility of the affected region. The complaints of pain are associated with swelling, changes in skin color or texture, skin temperature changes, abnormal hair or nail growth, osteoporosis or involuntary movements of the affected region of the initial injury. See Social Security Ruling 03-2p, Titles II and XVI: Evaluating Cases Involving Reflex Sympathetic Dystrophy Syndrome/Complex Regional Pain Syndrome (hereinafter, "SSR 03-2p").

The "severity regulation" applied at step 2 requires that the claimant have a severe impairment or combination of impairments, which significantly limits the claimant's physical or mental ability to perform basic work activities.[3] 20 C.F.R. §§404.1520(c), 416.920(c). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step 2 severity determination in terms of what is "not severe." Newell v. Commissioner of Social Security, 347 F.3d 541, 546 (3d Cir. 2003) (citing Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996)). According to the Regulations, an impairment "is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§404.1521(a), 416.921(a). Social Security Ruling 85-28 clarifies that an impairment can be found "not severe" only if the evidence establishes a slight abnormality which has no more than a minimal effect on an individual's ability to work. If the evidence indicates more than a "slight abnormality," the step 2 requirement of "severe" is met and the sequential evaluation process should continue. Newell, 347 F.3d at 546; Smolen, 80 F.3d at 1290.

The ALJ concluded in his decision that plaintiff's ulnar nerve entrapment is a severe impairment. (R. 14). The ALJ also

---

[3] Basic work activities include the ability to: (1) perform physical functions; (2) see, hear and speak; (3) understand, carry out and remember simple instructions; (4) use judgment; (5) respond appropriately to supervision, co-workers and usual work situations; and (6) deal with changes in a routine work setting. 20 C.F.R. §§404.1521(b)(1)-(6), 416.921(b)(1)-(6).

considered whether plaintiff's asthma and tachycardia are severe impairments, and he explained why he found those impairments are not severe. (R. 14-15). The court agrees with the ALJ that the evidence of record indicates plaintiff's asthma and tachycardia are not severe. Furthermore, while plaintiff broadly stated in her summary judgment brief that the ALJ erred by finding her asthma and tachycardia are not severe, she did not provide any explanation whatsoever to support that argument.

Despite properly analyzing plaintiff's ulnar nerve entrapment, asthma and tachycardia at step 2, the ALJ's decision does not discuss her RSD. Plaintiff claimed that she was disabled because of RSD, the ALJ questioned her about the effects of RSD at the administrative hearing, and the record contains evidence from her various treating physicians which discusses the possibility that plaintiff suffers from RSD. (R. 110, 140, 148, 170, 178).

While it is plaintiff's burden at step 2 to establish that her RSD is a severe impairment, see Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987), the court is unable to determine if the ALJ concluded that plaintiff failed to meet that burden because his decision does not indicate whether or not her RSD is a severe impairment, let alone provide any explanation on that point.[4] If

---

[4] The ALJ's only mention of RSD appeared in connection with his analysis of the medical evidence when he noted, "[i]t was specifically stated that the claimant did not have reflex sympathetic dystrophy." (R. 16). As the record indicates, one doctor concluded that plaintiff does not have RSD (R. 116); however, four other doctors indicated plaintiff may possibly have RSD. (R. 110, 140, 148, 170, 178). The ALJ's passing reference to RSD does not make for a proper step 2 analysis, nor does it

the ALJ's conclusion is that plaintiff's RSD is not severe, he should have explained his reasoning in the decision just as he did with respect to plaintiff's asthma and tachycardia. This court will not guess as to why the ALJ seemingly concluded that plaintiff's RSD is not severe.

Therefore, on remand, the ALJ should consider whether plaintiff's RSD meets the step 2 severity requirement as discussed herein. The ALJ's analysis should comply with the requirements of SSR 03-2p, which explains that claims involving RSD are to be adjudicated using the sequential evaluation process, just as for any other impairment. With respect to step 2, "[i]f the adjudicator finds that pain or other symptoms cause a limitation or restriction having more than a minimal effect on an individual's ability to perform basic work activities, a 'severe' impairment must be found to exist." SSR 03-2p.

As stated above, there is evidence from plaintiff's various treating physicians which discusses the possibility that she suffers from RSD, but one physician concluded that she does not have RSD. The court notes that "conflicting evidence in the medical record is not unusual in cases of RSD due to the transitory nature of its objective findings and the complicated diagnostic process involved. Clarification of any such conflicts in the medical evidence should be sought first from the individual's treating or other medical sources." SSR 03-2p. The

---

explain how the ALJ would resolve the differing opinions offered by plaintiff's various doctors concerning her RSD.

- 8 -

ALJ should seek any such clarification that may be required to complete his step 2 analysis relative to plaintiff's RSD. Finally, if the ALJ determines at step 2 that plaintiff's RSD is a severe impairment, the ALJ may be required to make additional findings at steps 3, 4 and 5 as necessary.[5]

## Conclusion

For the foregoing reasons, this case will be remanded to the Commissioner for further proceedings at step 2 of the sequential evaluation process consistent with this opinion.

An appropriate order will follow.

*/s/ Gustave Diamond*
Gustave Diamond
United States District Judge

Date: August 2, 2007

---

[5] Plaintiff also alleges that the ALJ improperly evaluated her subjective complaints concerning her pain and limitations. In evaluating plaintiff's complaints, the ALJ complied with the appropriate regulations and considered relevant evidence in the record, including the medical evidence, plaintiff's activities of daily living, plaintiff's medications and the extent of her treatment, plaintiff's own statements about her symptoms and statements by her physicians about her symptoms and how they affect her. See 20 C.F.R. §§404.1529(c)(1), 416.929(c)(1); Social Security Ruling 96-7p. This court finds that the ALJ adequately explained the basis for his credibility determination in his decision (R. 15-17). However, the ALJ should consider plaintiff's subjective complaints relative to her RSD to the extent any such additional consideration may be necessary to complete the step 2 analysis.

- 9 -

cc:   Barbara J. Artuso, Esq.
      Quatrini, Rafferty & Galloway
      550 East Pittsburgh Street
      Greensburg, PA 15601

      Lee Karl
      Assistant U.S. Attorney
      700 Grant Street
      Suite 4000
      Pittsburgh, PA 15219